UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REBEKAH DEANNE ORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-CV-52-HAB |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of the Social ) | |
| Security Administration[1], ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Rebekah Deanne Ort's Opening Brief (ECF No. 21), filed on September 5, 2019. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner") filed his Memorandum in Support of the Commissioner's Decision (ECF No. 26) on December 12, 2019. Ort filed no reply. This matter is now ripe for review.

**A.     Procedural History**

On February 23, 2016, Ort filed an application for disability insurance benefits under Title II of the Social Security Act. Ort subsequently filed an application for supplemental security income under Title XVI of the Act on June 29, 2016. Both applications were initially denied on April 28, 2016, and upon reconsideration on September 12, 2016. Ort appeared for a hearing before an administrative law judge ("ALJ") in Fort Wayne, Indiana, on October 3, 2017. The ALJ issued her decision finding that Ort was not disabled on January 29, 2018 (the "Decision").

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Ort filed her Request for Review of Hearing Decision/Order on March 8, 2018. On December 17, 2018, the Appeals Council issued its Notice denying Ort's Request for Review. Ort then initiated this action for judicial review.

**B.     Legal Analysis**

*1.     Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion."

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

## 2. *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant

work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ determined that Ort had not engaged in substantial gainful activity since February 4, 2016. At step two, the ALJ found that Ort suffered from the following severe impairments: degenerative disc disease; fibromyalgia/chronic pain syndrome; obesity; anxiety/posttraumatic stress disorder; and depression/bipolar disorder. The ALJ further found that Ort suffered from the following non-severe impairments: scoliosis; and respiratory/pulmonary symptoms. Finally, the ALJ found that the following conditions were not supported by the evidence: traumatic brain injury; carpal tunnel syndrome; and headaches.

At step three, the ALJ found that Ort did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 19). At step four, the ALJ found that Ort had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; and, she is unable to perform complex or detailed tasks, but she can perform simple, routine tasks throughout the workday.

(R. 21). At step five the ALJ determined that Ort was unable to perform any past relevant work, but that there were jobs that exist in significant numbers in the national economy that Ort could perform. Accordingly, the ALJ determined that Ort was not disabled.

3. **RFC**

Ort raises two challenges to the ALJ's RFC determination. Ort first argues that the RFC fails to incorporate her limitations in concentration, persistence or pace. Second, Ort alleges that the RFC is "absurd and illogical" given Ort's obesity. The Court finds Ort's first argument dispositive and will reverse and remand the Decision.

In reviewing Ort's mental limitations, the ALJ determined that Ort had "moderate limitation" in concentration, persistence, and pace ("CPP"). (R. 20). "Both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported in the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) (quoting *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)). Among the limitations that must be considered are deficiencies of concentration, persistence, or pace. *Varga*, 794 F.3d at 813. The ALJ need not use the precise terminology of "concentration," "persistence," or "pace," but a court cannot assume that a VE is appraised of such limitations unless he or she has independently reviewed the medical record[2]. *Id.* at 814.

The ALJ appears to have accounted for Ort's limitations in CPP, both in the RFC and the hypothetical to the VE, by limiting Ort to simple and routine tasks. (R. 63) ("[A]ssume that individual could not engage in complex or any tandem tasks, but could perform simple/routine tasks throughout the workday."). This is problematic. As Ort points out in her Brief, the Seventh Circuit has repeatedly rejected hypotheticals and RFCs that use "catch-all terms" like those used here. *See*, *e.g.*, *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

> When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like "simple, repetitive tasks" because there is no basis to conclude that they account for problems of concentration, persistence or pace.

*Id.* (citations omitted); *see also Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003) ("[T]he length of time it takes someone with borderline intelligence to learn a job is not the same as the ability of that person to perform consistently once trained."). The same is true for the hypothetical to the VE; the best way to assure that the VE's assessment is accurate is for the ALJ to include

---

[2] There is no evidence in this record that the VE independently reviewed any records other than Ort's employment records. (R. 61).

"the specific limitations–like CPP–in the hypothetical." *Crump*, 932 F.3d at 570. Here, the ALJ did not include specific CPP limitations in the hypothetical to the VE. Nor did the ALJ include any specific CPP limitations in the RFC. Under *Crump* and other cases like it, the ALJ's omissions are error.

The Commissioner responds to Ort's argument regarding CPP by claiming that "[t]here was no inconsistency between the ALJ's findings" and the RFC. (ECF No. 26 at 5). Whether or not this is true, it is beside the point. The problem here is not that the ALJ included CPP limitations in the RFC that were inconsistent with the medical records or the ALJ's conclusions. Instead, the problem is that, having found moderate deficits in CPP, the ALJ included *no* CPP limitations in the RFC or hypothetical to the VE. It is this point, which is the very argument raised by Ort, that the Commissioner fails to address.

The Commissioner additionally argues that Seventh Circuit case law on CPP limitations "does not purport to supplant medical evidence with court-created medical findings." (*Id.* at 7). True enough. However, no one has argued this point. And if the ALJ had wanted to stick to "medical evidence" in formulating the RFC and hypothetical to the VE, she could have noted Ort's recognized conditions in the hypothetical. *Similia v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009). What the ALJ could not do was acknowledge CPP limitations based on recognized conditions and then fail to include those limitations in any specific way. Nonetheless, that is exactly what the ALJ did.

It is possible that the ALJ believed that Ort, even with her moderate deficiencies, could have performed simple and routine tasks in a way that would satisfy an employer. But there is no way to know that, and it is equally possible that the VE in this case might have found that there were no jobs available for someone with Ort's physical limitations and moderate CPP deficiencies.

6

The ALJ's failure to incorporate the later kind of limitation, which the ALJ found from her review of the record, in the hypotheticals to the VE and the RFC require this Court to remand this matter for further proceedings. *Kasarsky*, 335 F.3d at 544.

**C.     Conclusion**

For the foregoing reasons, the Decision (R. 14–32) is REVERSED and this matter is REMANDED for further proceedings consistent with this Opinion and Order. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on March 2, 2020.

 s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT